UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY M.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-56 |
| | ) |
| KILOLO KIJAKAZI[2], | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Anthony M., on February 12, 2021. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Anthony M., filed an application for a period of disability and Disability Insurance Benefits on June 13, 2019, alleging a disability onset date of May 8, 2019. (Tr. 15). The Disability Determination Bureau denied Anthony M.'s applications initially on September 30, 2019, and again upon reconsideration on December 4, 2019. (Tr. 15). Anthony M. subsequently filed a timely request for a hearing on January 6, 2020. (Tr. 15). A hearing was held via telephone on September 3, 2020, before Administrative Law Judge (ALJ) Michael Carr. (Tr. 15). Vocational Expert (VE) Carrol Warren also appeared at the hearing. (Tr. 15). The ALJ issued an unfavorable decision on October 19, 2020. (Tr. 15-26). The Appeals Council

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Andrew M. Saul was the original Defendant in this case. He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

First, the ALJ found that Anthony M. met the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 17). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Anthony M. had not engaged in substantial gainful activity since May 8, 2019, his alleged onset date. (Tr. 17).

At step two, the ALJ determined that Anthony M. had the following severe impairments: posttraumatic stress disorder (PTSD), major depressive disorder, obesity, left ankle impairment, lumbar spine degenerative disc disease, cervical spine degenerative disc disease, mild degenerative changes of the bilateral hips, degenerative changes of the bilateral knees, obstructive sleep apnea, and left upper extremity basal JT arthritis. (Tr. 17). The ALJ found that the above medically determinable impairments significantly limited Anthony M.'s ability to perform basic work activities. (Tr. 17). Anthony M. also alleged disability due to fibromyalgia. (Tr. 18). However, the ALJ indicated that the impairment caused no more than minimal limitations on his ability to engage in basic work activities, and therefore considered it non-severe. (Tr. 18).

At step three, the ALJ concluded that Anthony M. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18).

The ALJ explained that in considering Anthony M.'s symptoms he followed a two-step process. (Tr. 20). First, he determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could have been expected to produce Anthony M.'s pain or other symptoms. (Tr. 20). Then he evaluated the intensity, persistence, and limiting effects of the symptoms to

determine the extent to which they limited Anthony M.'s functioning.  (Tr. 20-21).

After consideration of the entire record, the ALJ then assessed Anthony M.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and no climbing ladders, ropes, or scaffolds; frequent exposure to pulmonary irritants; no exposure to unprotected heights; can understand, remember, and carry out detailed, but not complex instructions; can tolerate occasional contact with supervisors, and coworkers, but no contact with the general public; and no tandem work.

(Tr. 20).  After considering the evidence, the ALJ found that Anthony M.'s medically determinable impairments reasonably could have been expected to cause the alleged symptoms.  (Tr. 22).  However, he found that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 22).

At step four, the ALJ found that at all times relevant to the decision, Anthony M. had been unable to perform any past relevant work.  (Tr. 24).  However, the ALJ found jobs that existed in significant numbers in the national economy that Anthony M. could perform.  (Tr. 25-26).  Therefore, the ALJ found that Anthony M. had not been under a disability, as defined in the Social Security Act, from May 8, 2019, through the date of the ALJ's decision.  (Tr. 26).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence.  **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive.");

3

*Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported h[is] decision with substantial evidence").  Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098.  A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law.  *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act.  The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability.  **20 C.F.R. § 404.1520**.  The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity."  **20 C.F.R. § 404.1520(b)**.  If he is, the claimant is not disabled, and the evaluation process is over.  If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities."  **20 C.F.R. § 404.1520(c)**; *see Williams v. Colvin*,

4

757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work.  If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled.  **20 C.F.R. § 404.1520(e)**.  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* **Biestek v. Berryhill,** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Anthony M. has requested that the court remand this matter for additional proceedings.  He makes two arguments on appeal. First, he claims that the ALJ's RFC findings were deficient because the ALJ failed to discuss the impact of his obesity on his other impairments.  Additionally, he argues that the RFC was flawed because the ALJ ignored his reported use of a cane for ambulation.

As to his first argument, Anthony M. states that the ALJ did not account for his morbid obesity in the RFC assessment.  According to the record, Anthony M.'s body mass index (BMI),

shortly after his alleged onset date, was 46.4.³ (Tr. 667). One month later it increased to 47.9, and a few months prior to the hearing, his BMI reached 52.8.  Anthony M. argues that the ALJ failed to discuss his obesity in the RFC despite finding that it was a severe impairment at Step 2.   He does agree that the ALJ discussed obesity with respect to the Step 3 analysis of whether or not he met a listed impairment.

Anthony M. claims that this "error" was not harmless because had the ALJ properly considered his morbid obesity in combination with his other physical impairments, it could have resulted in a reduced RFC assessment.  He points out that a reduction to sedentary work would have been warranted, resulting in a finding of disability under the regulations due to his age and other vocational factors. Anthony M. claims that without discussion of his obesity in the RFC, it is impossible to know whether or not the ALJ considered the impact of his obesity on his other impairments.

In response, the Commissioner argues that Anthony M's argument fails because the ALJ did discuss Anthony M.'s obesity.  The Commissioner states that the ALJ acknowledged the relevant policies about obesity, found that Anthony M.'s obesity did not contribute to any presumptive disability, and considered obesity when evaluating the opinions of Drs. Corcoran and Eskonen as to his functional limitations.

The Seventh Circuit routinely has held that an ALJ must "consider the exacerbating effects of a claimant's obesity on h[is] underlying conditions (even if obesity is not itself a severe impairment) when arriving at a claimant's RFC." **Hernandez v. Astrue**, 277 F.App'x 617, 623-24 (7th Cir. 2008); *see* **Arnett v. Astrue**, 676 F.3d 586, 593 (7th Cir. 2012) (finding that an ALJ

---

³ Morbid obesity is defined as having a BMI of 40 or greater. *Class III Obesity (Formerly Known as Morbid Obesity)*, CLEVELAND CLINIC, https://my.clevelandclinic.org/health/diseases/21989-class-iii-obesity-formerly-known-as-morbid-obesity (last visited July 8, 2022).

must "factor in obesity when determining the aggregate impact of an appellant's impairments") (internal citations omitted).  An ALJ's failure to explain what consideration he gave to the claimant's obesity is grounds for remand. *See* **Barrett v. Barnhart**, 355 F.3d 1065, 1068 (7th Cir. 2004).

As stated above, the ALJ found Anthony M.'s obesity to be a severe impairment and in making his Step 3 findings, he acknowledged that when obesity is found to be a medically determinable impairment, its effects in evaluating obesity must be considered. (Tr. 18). However, the ALJ's RFC findings, which consists of over four pages of discussion, the word "obesity" never was stated. The only time anything related to Anthony M.'s weight was addressed was in relation to his ability to interact with others.  The ALJ stated "the medium residual functional capacity [wa]s inconsistent with the claimant's physical issues coupled with his recorded BMI." (Tr. 23).

The RFC restricted Anthony M. to only occasional physical limitations involving his ability to climb ramps and stairs, balance, stoop, kneel, crawl, and more. (Tr. 20).  The fact that the ALJ omitted any discussion of the impact Anthony M.'s severe obesity could have had on his physical limitations is troubling.  An "ALJ must specifically address the effect of obesity on a claimant's limitations because, for example, a person who is obese and arthritic may experience greater limitations than a person who is only arthritic." **Villano v. Astrue**, 556 F.3d 558, 562 (7th Cir. 2009). The ALJ's acknowledgement of relevant policies about obesity in his Step 3 findings was insufficient to satisfy this requirement. As a result, the ALJ's error requires remand.

Anthony M. makes one other argument regarding the RFC.  However, because the ALJ erred by failing to consider the effects of Anthony M.'s obesity in determining the aggregate impact of his impairments, the court need not address the additional argument at this time.  The

ALJ will have the opportunity to revisit these other issues on remand.

    Based on the foregoing reasons, the decision of the Commissioner is **REMANDED**.

    ENTERED this 19th day of July, 2022.

                                                 /s/ Andrew P. Rodovich
                                               United States Magistrate Judge